DISSENTING OPINION



No. 04-99-00337-CV



Michael M. BUECHER, et al.,


Appellants



v.



CENTEX HOMES, et al.,


Appellees



From the 224th Judicial District Court, Bexar County, Texas


Trial Court No. 97-CI-12270


Honorable Carol R. Haberman, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice

Concurring opinion by: Paul W. Green, Justice

Dissenting opinion by: Sarah B. Duncan, Justice (joined by Justice Karen Angelini)


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: March 31, 2000 


 I respectfully dissent. In the context of the implied warranties involved in this case, Robichaux
survives Melody Home and remains the law that binds this court. I would therefore follow Robichaux.
If Melody Home is to be extended, it is the prerogative of the Supreme Court of Texas, not this court.

 "[A]n action for breach of warranty is not a creation of the [Texas Deceptive Trade Practices]
Act." Southwestern Bell Tel. Co. v. FDP Corp., 811 S.W.2d 572, 576 (Tex. 1991). Therefore, to
determine the nature and extent of the warranty at issue, we must refer to the source by which the
warranty was created. Id. at 576-77. The warranty of habitability is a creature of the common law,
created by the Texas Supreme Court in Humber v. Morton, 426 S.W.2d 554 (Tex. 1968), and, under
the common law, it may be waived. G-W-L, Inc. v. Robichaux, 643 S.W.2d 392, 393 (Tex. 1982)
(holding warranty was waived because disclaimer was "clear and free from doubt"); see also id. at
394-95 (Spears, J., dissenting) (advocating that the better rule would require the waiver to be in
"clear and unequivocal language specifically naming the warranty that is being disclaimed").

 The majority holds the implied warranty may not be waived, relying upon the reasoning in
Melody Home Mfg. Co. v. Barnes, 741 S.W.2d 349, 355 (Tex. 1987). But, as the concurrence points
out, Melody Home did not involve the implied warranties involved in this case. Id. (holding the
implied warranty to repair or modify existing tangible goods or property in a good and workmanlike
manner may not be waived and overruling Robichaux "[t]o the extent that it conflicts with this
opinion"). And, unlike my colleagues, I believe we are bound by Robichaux unless and until it is
overruled in material part.


 Sarah B. Duncan, Justice

Publish